UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81232-CIV-MARRA

BANKUNITED, AS SUCCESSOR
IN INTEREST TO BANKUNITED,
FSB,

    Plaintiff,
vs.

FREDERICK S. BLUM,

    Defendant.
_____/

## OPINION AND ORDER REMANDING CASE

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand and Motion for Fees [DE 8]. The Court held a status conference in this matter and has carefully considered the motion, response, and affidavit. In his Notice of Removal of Action [DE 1], *pro se* Defendant Frederick S. Blum ("Blum") states that removal was appropriate because of federal question jurisdiction and complete diversity of citizenship, among other reasons. DE 1. Blum answered the state court foreclosure complaint, proceeded to trial, and on the day before the foreclosure sale, filed his notice of removal.

**Standard of Review**

The burden of establishing federal jurisdiction under 28 U.S.C. § 1441 rests with the party seeking removal. *Carson v. Dunham,* 121 U.S. 421, 425 (1887); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001); *Ray v. Bird & Son*

*& Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof").  The right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).  Thus, when the court's jurisdiction over a case is doubtful, doubts are resolved in favor of remand.  *See Crowe v. Coleman,* 113 F.3d 1536, 1539 (11th Cir. 1997).  Plaintiff rightfully challenges this Court's subject matter jurisdiction.

**Discussion**

After careful review of the Complaint and filings, the Court concludes that it lacks subject matter jurisdiction.  A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction.  28 U.S.C. § 1332(a)(1).  Jurisdiction based on diversity of citizenship exists in civil actions where the amount in controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1).  Diversity jurisdiction requires *complete diversity* between named plaintiffs and all defendants.  *Strawbridge v. Curtiss,* 7 U.S. 267 (1806) (emphasis supplied).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

Here, although Defendant alleges complete diversity between Plaintiff and himself, Plaintiff has demonstrated otherwise. Even though the style of the case lists BankUnited as the Plaintiff, it is apparent from a review of the record that the proper Plaintiff is Glen Garron, LLC. *See* DE 8-4 (final judgment for foreclosure in favor of Plaintiff Glen Garron, LLC); DE 5 at 22 (Order Clarifying Case Style); DE 10 at 29 (summons issued by Blum to Glen Garren, LLC), and Affidavit as to Citizenship of Todd Peter and Glen Garron, LLC [DE 11]. Blum, Glen Garron, LLC and its sole member, Todd Peter, are all citizens of Florida. DE 8, Ex. A and E. Therefore, complete diversity of citizenship as contemplated by § 1441(b) does not exist, and as a result, this Court is without jurisdiction to entertain this state court action. The Court's lack of subject matter jurisdiction may be raised at any time. *Harrell & Sumner Contracting Co. v. Peabody Petersen Co.*, 546 F.2d 1227 (5th Cir. 1977).[2] Therefore, the fact that Plaintiff delayed in moving to remand cannot confer jurisdiction over the case when none exists. *See* 28 U.S.C. § 1447(c)("A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a).")(emphasis added). Thus, the complaint suffers from a lack of complete diversity.

Blum also attempted to create federal question jurisdiction where there was none raised in the state court foreclosure complaint by making allegations of

---

[2] *See* note 1 *supra*.

violations of the Fair Debt Collection Practices Act in his Notice of Removal.  Whether federal question jurisdiction exits is determined by the "well-pleaded-complaint rule," which provides whether a case "arises under" federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim." *Homes Group, Inc. v. Vorando Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).  "The well-pleaded-complaint rule also governs whether a case is removable from state to federal court." *Id*. at n. 2.  Thus, a removing party may not raise a federal question which would give rise to jurisdiction under 28 U.S.C. § 1331 in his notice of removal. *See Deutsche Bank Nat. Trust Co. v. Benaway*, 2013 WL 3270399 *2 (M.D. Fla. 2013). Hence, this Court lacks subject matter jurisdiction over this case, and it must be remanded.

Although not controlling, there are several other procedural deficiencies with the removal which arguably were waived but further demonstrate this case should not be in this Court. The controlling statute provides that removal from state to federal court must be within thirty days after service of the complaint on the defendant. *See* 28 U.S.C. § 1446.  In this case, Blum was served with the summons and complaint almost four years ago, on February 10, 2010.  DE 8, Ex. A.  Accordingly, Blum's removal is almost four years too late.

Additionally, no case may be removed on the basis of diversity of citizenship jurisdiction more than one year after the commencement of the action.  28 U.S.C. § 1446(c).  *Lopez v. Robinson Aviation (RVA), Inc.*, No. 10-60241-CIV, 2010 WL

3584446, at *1-2 (S.D. Fla. Apr. 21, 2010); *Ingram v. Forbes Co., LLC*, No. 6:13-CV-381-ORL-37, 2013 WL 1760202, at *1 (M.D. Fla. Apr. 24, 2013). Here, the action was filed over four years ago.

In addition, as a Florida resident, Blum is barred from removing this action based upon the forum defendant rule. See 28 U.S.C. § 1441(b)(2); *Pacheo de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998); *Plombco Inc. v. TBC Retail Grp., Inc.*, No. 13-81026-CIV, 2013 WL 5863571, at *1 (S.D. Fla. Oct. 31, 2013). Thus, it is clear this case should be resolved in the state court.

### Attorney's Fees and Costs

The Court has discretion to award attorney's fees and costs associated with the improper removal and remand of this action. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The Supreme Court has announced a standard to guide district courts in determining whether to award fees when remanding a case to state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). The Court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Id*. at 711. Generally, the district court should award fees under § 1447(c) only when "the removing party lacked an objectively reasonable basis for seeking removal." *Id*.

First, Defendant is a *pro se* litigant, and the Court must afford him some leeway in this regard. Second, Plaintiff was less than vigilant in moving to remand

this case.  This case sat with no action for 105 days until the Court set a status conference.  Then, on the eve of the hearing, Plaintiff filed the appropriate motion. While *pro se* Blum removed this action in error, it was only due to Court initiated action that Plaintiff saw fit to assert its rights. Under the circumstances, the Court exercises its discretion to deny the award of attorney's fees to Plaintiff.  According, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand [DE 8] **is GRANTED** because this Court lacks subject matter jurisdiction. Plaintiff's  Motion for Fees is **DENIED**.  This matter is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida.  All pending motions are denied as moot and the clerk shall close the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of January, 2015.

_____
KENNETH A. MARRA
United States District Judge